UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------- x
MAJESTIC ATHLETIC, LTD.,                :
a Pennsylvania corporation,             :
                                        :
          Plaintiff,                    :
     v.                                 :    Case No. 02-CV- 3216
                                        :
REEBOK INTERNATIONAL LTD.,              :
a Massachusetts corporation, and        :
PAUL FIREMAN, a Massachusetts           :
Citizen, individually and in his capacity :
As Chairman, CEO and President of       :
Reebok International, Ltd.,             :
                                        :
          Defendants.                   :
---------------------------------------------------------- x

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS

In this action, Plaintiff Majestic Athletic, Inc. ("Majestic") claims misappropriation of confidential information, unfair competition, intentional interference and fraud, all based principally on the allegation that Defendants Reebok International Ltd. ("Reebok") and Paul Fireman misused information they received from Majestic pursuant to a January 30, 2002 Mutual Confidentiality Agreement (the "Confidentiality Agreement" or the "Agreement"). The parties signed that Confidentiality Agreement as a means of exploring various ways to jointly pursue a long-term on-field licensing contract with Major League Baseball Properties ("MLBP"). Majestic's remaining two claims – for defamation – arise out of the same set of operative facts, since both the purported defamatory statements and the alleged misuse of confidential information stem from Reebok's discussions with MLBP in and around March/April 2002 concerning its talks with Majestic.

8864888_3

The only claim Majestic did not include in its grab-bag complaint was a claim for breach of the Confidentiality Agreement itself, and the reason for that omission is obvious: Majestic hopes to avoid the forum selection clause contained in that Agreement. That clause states that "the parties expressly consent to exclusive venue and jurisdiction of the courts of The Commonwealth of Massachusetts, U.S.A." See Exhibit 1 hereto. Surely no ambiguity attaches to that provision: Majestic may not pursue these claims in Pennsylvania. Plaintiff's "artful pleading" – and its hasty filing of claims before Reebok had an opportunity to initiate its own suit – clearly is aimed at avoiding its prior commitment to a Massachusetts court. Defendants respectfully move that this Court give effect to this feature of the parties' prior bargain and dismiss this action for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) or, alternatively, for failure to state a claim under Rule 12(b)(6).[1]

## BACKGROUND

*The Confidentiality Agreement and Forum Selection Clause*. Both Reebok and Majestic are engaged in the licensed sports apparel business. In late 2001, the two companies began discussions concerning a potential business transaction, which centered almost immediately on a possible purchase of Majestic by Reebok. Those talks – and discussions both parties had with MLBP concerning the status of those talks – are at the core of this dispute. As part of those talks, the parties executed the January 30, 2002 Confidentiality Agreement. See Exhibit 1 hereto. The Confidentiality Agreement provides for the exchange of financial and other information pursuant to a possible acquisition of Majestic by Reebok. To that end, the

---

[1] The Third Circuit has recognized that a motion to dismiss under 12(b)(6) for failure to state a claim is also permissible as a basis for dismissal, where, as here, venue is improper due to a forum selection clause. See Salovaara v. Jackson Nat. Life Ins. Co., 246 F.3d 289, 298-99 (3d Cir. 2001) (acknowledging disagreement in federal courts over use of 12(b)(3) or 12(b)(6)); Instrumentation Assoc., Inc. v. Madsen Elec. (Canada), 859 F.2d 4, 6 (3d Cir. 1988) (forum selection clause designating Canada was properly enforced by Fed. R. Civ. P. 12(b)(6) motion to dismiss).

Agreement sets certain limitations on a party's treatment of confidential information, including its ability to "use" the information it receives from the other party.

The forum selection clause appears in the third from last paragraph of the Agreement, along with a choice of law provision.  It states:

> This Agreement shall be governed by and construed in accordance with the laws of The Commonwealth of Massachusetts, U.S.A. and the parties expressly consent to exclusive venue and jurisdiction of the courts of The Commonwealth of Massachusetts, U.S.A.

See Exhibit 1.

*The Complaint.*  The allegations in the Complaint describe a classic breach of contract claim:  Reebok, says Plaintiff, received confidential information pursuant to the Confidentiality Agreement and, promptly upon receiving it, misused it to gain a competitive advantage over Majestic.  Majestic claims that Reebok's alleged misuse of the information it received pursuant to the Agreement constitutes misappropriation (Count V), fraud (Count IV), unfair competition (Count VI), and intentional interference (Count III).  The Complaint also includes defamation claims arising in connection with Reebok's discussions with Major League Baseball concerning the status of its negotiations with Majestic.  Even though the Complaint centers on Reebok's alleged misappropriation of Majestic's confidential information, Majestic conspicuously declined to include a claim for breach of the Confidentiality Agreement.

## ARGUMENT

The parties' forum selection clause applies to the claims in this action, and the language in the clause plainly dictates that Massachusetts courts are the exclusive forum.  As a result, this action should be dismissed without prejudice or, alternatively, transferred to the United States District Court for the District of Massachusetts.

I.      **The Forum Selection Clause Applies To Majestic's Claims.**

The Third Circuit consistently has held that a plaintiff cannot avoid a forum selection clause through artful pleading of non-contract claims.  See, e.g., Crescent Int'l., Inc. v. Avatar Communities, Inc., 857 F.2d 943, 945 (3d Cir. 1988) (refusing to allow plaintiff to avoid forum selection clause by pleading non-contract claims in case involving the terms of a contract, and noting that both Pennsylvania and federal law favor forum selection clauses).  In furtherance of this principle, the Third Circuit, and numerous other courts, have applied forum selection clauses to claims that clearly raise issues implicating the terms of an agreement in question.  See Coastal Steel Corp. v Tilghman Wheelabrator Ltd., 709 F.2d 190 (3d Cir 1983) (applying forum selection clause to related tort claims as well as to contract claims of third party beneficiary); Terra Int'l v. Mississippi Chem. Corp., 119 F.3d 688 (8th Cir. 1997) (holding forum selection clause applied to tort claims directly or indirectly related to the parties' contractual relationship); Manetti-Farrow, Inc. v. Gucci Am., Inc., 858 F.2d 509 (9th Cir. 1988) (dismissing tort claims that "relate[d] to interpretation of the contract" including claims for tortious interference, and unfair trade practices pursuant to forum selection clause); Warnaco Inc. v. VF Corp., 844 F. Supp. 940, 949 (S.D.N.Y. 1994) (holding tort claims, including claim of unfair competition, principally relating to parties' obligations under a Termination Agreement were subject to Agreement's forum selection clause).  In addition, courts have regularly applied forum selection clauses to claims that arise out of the same set of operative facts as a dispute relating to an agreement with a forum selection clause.  See, e.g., Lambert v. Kysar, 983 F.2d 1110, 1121-22 (1st Cir. 1983) (forum selection clause applied to claims of misrepresentation and unfair trade practices under Mass. G.L. c. 93A, when claims based on "same operative facts"); Lawler v. Schumacher Filters Am., 832 F. Supp. 1044, 1052 (E.D. Va. 1993) (adopting "same operative facts" standard for non-contract claims); Woolf v. Mary Kay Inc., 176 F. Supp. 2d 642, 647

(N.D. Tex. 2001) (same); see also Jacobson v. Mailboxes Etc. U.S.A., Inc., 419 Mass. 572, 579 (1995) ("plaintiff should not be allowed to vitiate the effect of a forum selection clause simply by alleging peripheral claims that fall outside its apparent scope").

Here, Majestic's claims involve precisely the same issues that would arise from a claim that Reebok breached the terms of the Confidentiality Agreement.  Hence, these claims implicate the terms of the Agreement, or involve a common set of operative facts as claims relating to the Agreement.  For example, Majestic claims that Reebok (1) misappropriated confidential information provided under the Agreement and used it for its own benefit (Count V: *Misappropriation and Use of Confidential Information*); (2) obtained confidential information pursuant to the Agreement under false pretenses and used it to harm Majestic (Count IV: *Fraud*); and (3) misappropriated and misused confidential information received pursuant to the Agreement (Count VI: *Unfair Competition*).  *Cmplt*. ¶¶ 52-6, 68.

These claims (the "misappropriation-related claims") directly implicate Reebok's alleged misuse of Majestic's confidential information – conduct which also would amount to an alleged breach of the Confidentiality Agreement – and the claims therefore are subject to the Agreement's forum selection clause.  See Crescent Int'l, 857 F.2d at 944-45 (applying forum selection clause to fraud, unfair competition, tortious interference with business relations and RICO claims, where claims involved "allegations arising out of the agreement implicating its terms"); see also Coastal Steel Corp., 709 F.2d 190; Genesco, Inc. v. T. Kakiuchi & Co., Ltd., 815 F.2d 840, 855-56 (2d Cir. 1987).

In addition to the misappropriation-related claims, Majestic asserts *Defamation* (Count I), *Commercial Disparagement* (Count II) and *Intentional Interference with Current or Prospective Business Relations* (Count III).  These claims (the "defamation-related claims") also are subject

to the forum selection clause, because they arise from the same operative facts as do the claims more directly addressing the alleged misappropriation. See Lambert, 983 F.2d at 1121-22 (forum selection clause applied to non-contract claims when claims based on "same operative facts"); Lawler, 832 F. Supp. at 1052 (adopting "same operative facts" standard for non-contract claims); Woolf, 176 F. Supp. 2d at 647 (same).

For example, each of the defamation-related claims asserts injury arising from statements Defendants allegedly made to representatives of MLBP in April 2002, precisely the same discussions in which Majestic claims Reebok misused confidential information. Thus, the misappropriation and defamation claims involve precisely the same factual predicate. Similarly, both the alleged misappropriation of confidential information and the alleged defamatory statements are said to be part of the same purported scheme: to "interfere with Majestic's business relationship with MLBP" (*Cmplt*. ¶ 48 and ¶ 67) and to "put Majestic out of business" (*Cmplt*. ¶ 55). In fact, one claim for relief -- Plaintiff's unfair competition claim – alleges side-by-side that both Reebok's alleged misuse of confidential information and its allegedly defamatory statements constitute unfair competition. *Cmplt*. ¶¶67-68. Finally, all of the claims question the sincerity of Majestic's discussion with Reebok and the details of the parties' negotiations and, as a result, even the misappropriation-related claims inevitably will include litigation over the allegedly defamatory statements at issue in Counts I through III. In similar circumstances, a wide range of jurisdictions have enforced forum selection provisions and applied them to claims of fraud, unfair competition, misrepresentation, tortious interference with business relations, and defamation. See, e.g., J.J. Ryan & Sons, Inc., v. Rhone Poulenc Textile, S.A., 863 F.2d 315, 319 (4th Cir. 1988) (applying forum selection clause to libel, defamation, unfair trade practices and tortious interference claims); Spradlin v. Lear Siegler Mgmt. Serv. Co.,

926 F.2d 865, 866 (9th Cir.1991) (applying forum selection clause to slander claim); Brennen v. Phyto-Riker Pharm., Ltd., 2002 WL 1349742, at *4-5 (S.D.N.Y. 2002) (defamation and tortious interference); Hill v. Pac. Gas & Elec. Co., 1995 WL 86567, at *2 (N.D. Cal. 1995) (slander).

As the foregoing demonstrates, where, as here, Plaintiff's claims either squarely arise under the Confidentiality Agreement or rely on the same operative set of facts as claims that arise under the Agreement, those claims are governed by the forum selection clause.

## II. The Forum Selection Clause Is Valid and Enforceable and Requires That Majestic's Claims Be Brought In Massachusetts.

The forum selection clause restricts actions relating to the Agreement between Majestic and Reebok to the "courts of The Commonwealth of Massachusetts."[2] Depending on how the Court interprets the clause, the proper forum for Majestic's complaint is either state court in Massachusetts or federal court in Massachusetts. Regardless, it is beyond dispute that federal court in Pennsylvania is not a proper forum under this clause. Thus, this Court should dismiss this action or, at the very minimum, transfer it to federal court in Massachusetts.

The plain language of this clause strongly suggests that the proper forum for Majestic's action is Massachusetts state court. See W.G. Nichols, Inc. v. CSK Auto, Inc., No. Civ A. 01-3789, 2001 WL 1486516 at *1 (E.D. Pa. Nov. 21, 2001). In W.G. Nichols, the forum selection clause specified that "any legal action by a party arising out of the agreement must be instituted in the Courts of Maricopa County, Arizona." Id. at *1. This Court rejected plaintiff's contention that the language included a federal district court located within Maricopa County, stating that the language indicated "literally" the Maricopa County courts and "not any court which sits 'in'

---

[2] Federal law applies to determine the effect given to a forum selection clause in a diversity case. Jumara v. State Farm Ins. Co., 55 F.3d 873, 877 (3d Cir. 1995); see also Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 23 (1988) (federal law applies in construing motion to transfer under 28 U.S.C. 1404(a)).

the County or whose jurisdiction includes the County." Id. at *5. Thus, this Court dismissed the action. Id. Accordingly, provided that the forum selection clause is valid and enforceable, this case should properly be dismissed for improper venue, or in the alternative, failure to state a claim upon which relief may be granted.

A forum selection clause that is freely negotiated in a commercial transaction, such as the one at issue here, is valid and enforceable unless the party seeking to avoid the selected forum shows either that "trial in the contractual forum will be so gravely difficult and inconvenient that [it] will for all practical purposes be deprived of [its] day in court" or that the forum selection clause was procured by fraud. W.G. Nichols, 2001 WL 1486516 at *4; see also The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10, 18 (1972); Foster v. Chesapeake Ins. Co., Ltd., 933 F.2d 1207 (3d Cir. 1991); Burger King Corp. v. Stroehmann Bakeries, Inc., 929 F. Supp. 892, 893 (E.D. Pa. 1996) (forum selection clause prima facie valid in absence of fraud or overreaching).[3] Plaintiff does not allege that the forum selection clause was obtained by fraud, duress, abuse of economic power, or any other unconscionable means. Similarly, Majestic will be unable to demonstrate a unique burden or prejudice that would justify avoiding its prior agreement to litigation in Massachusetts. Thus, if the Court determines that state court in Massachusetts is the proper forum, Majestic's complaint must be dismissed. See W.G. Nichols, 2001 WL 1486516 at *1.

If, however, the Court were to decide that the Confidentiality Agreement's forum selection clause (providing for exclusive venue and jurisdiction in the "courts of The

---

[3] That the dispute includes an allegation of fraud does not negate the enforceability of the forum selection clause. See Schenk v. Alberto-Culver Co., 417 U.S. 506 (1974) (fraud exception only applicable if the inclusion of the clause in the contract was the product of fraud or coercion); see also Gruson, Forum Selection Clauses, 1982 U. Ill. L. Rev. at 165 (party "should not be permitted to escape a forum-selection provision by merely calling the validity of an entire contract into question").

Commonwealth of Massachusetts") did not require the Plaintiff to bring its action in state court in Massachusetts, the only other conceivable forum that would be appropriate under this clause is federal court in Massachusetts.  Under this interpretation, the Court should still dismiss the action.  See Salovaara v. Jackson Nat'l Life Ins. Co., 246 F.3d 289, 298-300 (3d Cir. 2001) (recognizing court's power to dismiss pursuant to Rule 12 even where a federal forum is available).  In the alternative, as the Third Circuit has recognized, the Court could transfer the action, pursuant to 28 U.S.C. § 1404, to the federal forum made available in the forum selection clause -- here, the United States District Court for the District of Massachusetts.[4]  Id. (affirming dismissal even if federal forum was available under the forum selection clause); see also Burger King, 929 F. Supp. at 895 (transferring case pursuant to 1404(a), instead of ordering dismissal, where a federal forum had been designated by the forum selection clause).

Although courts, including the Third Circuit, often will defer to a plaintiff's choice of forum, such deference is inappropriate in a case such as this where the claims are the subject of a forum selection clause, because plaintiff has already freely chosen its forum by contract.  See Jumara v. State Farm Ins. Co., 55 F.3d 873, 880 (3d Cir. 1995) (emphasizing that forum

---

[4] Transfer to federal court in Massachusetts is appropriate under the various factors identified by the Third Circuit for consideration when transferring an action pursuant to 28 U.S.C. § 1404(a).  See Jumara, 55 F.3d at 879-80 (identifying "private interest" factors as including (1) plaintiff's forum preference; (2) defendant's forum preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and economic condition; (5) the convenience of the witnesses, though only to the extent that they may actually be unavailable for trial in one of the forums; and (6) the location of books and records relevant to the case).  Under these factors, it is clear with reference to the Confidentiality Agreement that both parties – Majestic and Reebok – expressed in writing a binding preference for a Massachusetts forum.  Both Reebok and Majestic are national businesses with considerable resources.  Witnesses in this action will include executives of both companies, located both in Massachusetts and Pennsylvania in addition to non-party witnesses mostly located in New York.  The few relevant documents are in both locations.  Moreover, since Majestic also agreed by contract that Massachusetts law applies at least to some (if not all) of these claims, see Exhibit 1, the Massachusetts forum would be also favored on grounds of familiarity with applicable state law.  See Jumara, 55 F.3d at 879-80 (further identifying "public interest" factors as including, in diversity cases, the familiarity of the trial judge with the applicable state law).  In sum, these factors clearly support transfer to federal court in Massachusetts under § 1404.

selection clause is entitled to "substantial consideration"); see also Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29-30 (1988).  Thus, because the forum selection clause, which is valid and enforceable, plainly requires that disputes relating to the Confidentiality Agreement – including, unquestionably, disputes concerning the alleged misuse of confidential information exchanged pursuant to the Agreement – be brought in Massachusetts, the United States District Court for the Eastern District of Pennsylvania is not a proper venue for this lawsuit and the Complaint should be dismissed without prejudice or, at a minimum, transferred to federal court in Massachusetts.

## CONCLUSION

For all of the foregoing reasons, Reebok respectfully requests that the Majestic action be dismissed for improper venue or, in the alternative, for failure to state a claim upon which relief may be granted.

Respectfully submitted,

_____

Brien T. O'Connor, Esquire
Robert G. Jones, Esquire
David C. Potter, Esquire
Karen K. Storin, Esquire
Ropes & Gray
One International Place
Boston, MA 02110

Counsel for Defendant
Reebok International Ltd.

_____

Richard L. Scheff, Esquire
Montgomery, McCracken, Walker
    & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109

Local Counsel for Defendant
Reebok International Ltd.

Dated: July 26, 2002

## CERTIFICATE OF SERVICE

I hereby certify that on this the 26th day of July, 2002, a true and correct copy of the foregoing Memorandum in Support of Defendant's Motion to Dismiss was served by first-class mail, postage prepaid, on the following counsel:

>David Smith, Esq.
>Schnader Harrison Segal & Lewis LLP
>1600 Market Street, Suite 3600
>Philadelphia, PA 19103-7286

_____
Richard L. Scheff, Esquire