IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MAJESTIC ATHLETIC LTD.,** | : | CIVIL ACTION |
| a Pennsylvania corporation, | : | |
| Plaintiff, | : | |
| vs. | : | |
| | : | |
| **REEBOK INTERNATIONAL LTD.,** | : | |
| a Massachusetts corporation, and, | : | |
| **PAUL FIREMAN, a Massachusetts citizen,** | : | |
| individually and in his capacity as | : | |
| Chairman, CEO and President of | : | |
| Reebok International Ltd., | : | |
| Defendants. | : | NO.  02-3216 |

## SCHEDULING ORDER

**AND NOW,** this 29th day of August, 2002, following a Preliminary Pretrial Conference on said date, the parties, through counsel, having reported that they are interested in pursuing the question of settlement after completion of some discovery, **IT IS ORDERED** that the parties, through counsel, shall jointly report to the Court in writing (letter to Chambers, Room 12613) on or before January 17, 2003,  with respect to whether or not the case is settled.  In the event the case has not settled on or before January 17, 2003, counsel shall include in their joint written report a statement as to whether they believe a settlement conference before a magistrate judge or some other form of alternative dispute resolution might be of assistance in resolving the case and, if so, on what form of alternative dispute resolution they agree, and by what date they will be prepared to begin such proceedings.

**IT IS FURTHER ORDERED** that the case shall proceed on the following schedule:

1.  Initial Disclosure under Federal Rule of Civil Procedure 26(a)(1) has been completed.

All remaining discovery shall proceed forthwith and continue in such manner as will assure

that all requests for, and responses to, discovery will be served, noticed and completed by March 14, 2003.

Interrogatories and Requests for Admissions shall be limited to twenty-five (25) per party. Depositions shall be limited to fifteen (15) per side.

Documents shall be exchanged by the parties on or before September 13, 2002. Depositions may commence on September 23, 2002;

2. All trial exhibits shall be marked and exchanged on or before March 21, 2003;

3. On or before October 31, 2002, plaintiff and defendants as plaintiffs on counterclaim shall identify and submit curriculum vitae for all expert witnesses on liability and damages. On or before December 6, 2002, all such parties shall serve all other parties with reports and/or responses to expert witness discovery for all such expert witnesses.

On or before December 21, 2002, defendants and plaintiff as defendant on counterclaim shall identify and submit curriculum vitae for all expert witnesses on liability and damages. On or before January 31, 2003, all such parties shall serve all other parties with reports and/or responses to expert witness discovery for all such expert witnesses.

On or before February 21, 2003, plaintiff and defendants as plaintiffs on counterclaim are granted leave to serve all other parties with expert witness reports in response to the expert witness submissions of defendants and plaintiff as defendant on counterclaim;

4. Any party expecting to offer opinion testimony from lay witnesses pursuant to Federal Rule of Evidence 701 with respect to the issues of liability and damages shall, at the time required for submission of information and/or reports for expert witnesses on liability and damages, serve

opposing parties with details and/or documents covering the lay opinions of the Rule 701 witnesses;

    5. Any discovery depositions of expert witnesses shall be taken between February 28, 2003, and March 14, 2003;

    6. Any motions for summary judgment shall be filed and served on or before April 2, 2003. Responses to any motions for summary judgment shall be filed and served within the time provided under the Local Civil Rules of this Court. Two copies of any motions and responses shall be served on the Court (Chambers, Room 12613) when the originals are filed;

    7. All parties shall prepare and file with the Clerk of Court their Pretrial Memoranda, in accordance with this Order and Local Rule of Civil Procedure 16.1(c) as follows:

        A. Plaintiff and Defendants as Plaintiffs on Counterclaim - on or before June 6, 2003.

        B. Defendants and Plaintiff as Defendant on Counterclaim - on or before June 13, 2003.

One (1) copy of each Pretrial Memorandum shall be served on the Court (Chambers, Room 12613) when the original is filed;

    8. The case will be placed on the Court's trial list on June 20, 2003;[1]

    9. Any party having an objection to: (A) the admissibility of any exhibit based on authenticity; (B) the admissibility for any reason (except relevancy) of any evidence expected to be offered; (C) the adequacy of the qualifications of an expert witness expected to testify; or, (D) the admissibility of any opinion testimony from lay witnesses pursuant to Federal Rule of Evidence 701, shall set forth separately each such objection in their Pretrial Memorandum. Each objection shall describe with particularity the ground and the authority for the objection;

---

[1] The case will be tried to a jury. The estimated trial time is nine (9) to ten (10) days.

10. If any party desires an "offer of proof" as to any witness or exhibit expected to be offered, that party shall inquire of counsel <u>prior to trial</u> for such information. If the inquiring party is dissatisfied with any offer provided, such party shall file a motion seeking relief from the Court prior to trial;

11. Because a witness may be unavailable at the time of trial as defined in Federal Rule of Civil Procedure 32(a)(3), the Court expects use of oral or videotape depositions at trial of <u>any witness</u> whose testimony a party believes essential to the presentation of that party's case, whether that witness is a party, a non-party or an expert. The unavailability of any such witness <u>will not be a ground to delay</u> the commencement or progress of an ongoing trial. In the event a deposition is to be offered, the offering party shall file with the Court, prior to the commencement of the trial, a copy of the deposition transcript, but only after all efforts have been made to resolve objections with other counsel. Unresolved objections shall be noted in the margin of the deposition page(s) where a Court ruling is necessary and a covering list of such objections supplied therewith;

12. The parties shall meet to prepare a complete and comprehensive stipulation of uncontested facts pursuant to (d)(2)(b)(2) of Local Rule of Civil Procedure 16.1; two (2) copies of such stipulation shall be submitted to the Court (Chambers, Room 12613) at least three (3) days before the case appears on the trial list. The original shall be filed with the Clerk of the Court;

13. At least three days before the case appears on the trial list, each party shall submit to the Court (Chambers, Room 12613) two (2) copies of (a) proposed jury voir dire questions, (b) proposed jury instructions with <u>pinpoint</u> citations of authority for each point (ONE POINT PER PAGE), (c) proposed jury interrogatories, (d) motions <u>in limine</u>; and, (e) a trial memorandum on the legal issues involved in the case. The originals shall be filed with the Clerk of the Court.

If a model jury instruction taken, for instance, from O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, or Sand, <u>Modern Federal Jury Instructions</u> is submitted, the parties shall state whether the proposed jury instruction is unchanged or modified.  If a party modifies a model jury instruction the modification shall be set forth in the following manner:  additions shall be underlined and deletions shall be placed in brackets;

14.  At least three (3) days before the case appears on the trial list, the parties shall submit to the Court (Chambers, Room 12613) a joint written statement of the case for reading to the jury at the commencement of the trial which shall cover (a) a brief statement of the facts; (b) a brief statement of plaintiff's cause(s) of action <u>and the essential elements of each cause of action</u>; (c) a brief statement of the defenses <u>and the essential elements of each affirmative defense</u> ; (d) a brief statement of the causes of action asserted in the counterclaim <u>and the essential elements of each cause of action</u>; and, (e) a brief statement of the defenses to the counterclaim <u>and the essential elements of each affirmative defense</u>.  The statement of the case shall not exceed three (3) pages in length; and,

15.  At the commencement of trial, the Court should be supplied with two (2) copies of each exhibit, and three (3) copies of a schedule of exhibits which shall briefly describe each exhibit.

**BY THE COURT:**

_____
**JAN E. DUBOIS, J.**