IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MAJESTIC ATHLETIC, LTD.,

    Plaintiff,

v.

REEBOK INTERNATIONAL LTD. and
PAUL FIREMAN,

    Defendants.

FILED SEP 13 2002

CIVIL ACTION

NO. 02-3216

## PLAINTIFF'S REPLY TO COUNTERCLAIMS

Majestic Athletic, Ltd. ("Majestic") responds to defendants Reebok International Ltd.'s ("Reebok") and Paul Fireman's counterclaims as set forth below.

51.    Majestic lacks sufficient information to either admit or deny the allegations contained in paragraph 51 of the Counterclaims.

52.    Majestic admits it is a current licensee of Major League Baseball Properties, Inc. ("MLBP") and denies the remaining allegations contained in paragraph 52 of the Counterclaims.

53.    Denied.

54.    Majestic denies the allegations contained in paragraph 54 except that it lacks sufficient information to either admit or deny the allegations relating to Reebok's conduct

and it admits that it has been advised by MLBP that it has a short-term extension of its existing MLBP licensing rights and a short-term deal for the on-field uniform rights for an additional eight MLB teams.

55. Majestic admits that Reebok is a Massachusetts corporation headquartered in Canton, Massachusetts. Majestic lacks sufficient information to either admit or deny the remaining allegations of paragraph 55.

56. Admitted.

57. Paragraph 57 appears to constitute a legal conclusion to which no response is required. To the extent a response is required, Majestic denies the allegations of paragraph 57.

58. Admitted.

59. Admitted.

60. Majestic lacks sufficient information to either admit or deny the allegations contained in paragraph 60 of the Counterclaims.

61. Majestic lacks sufficient information to either admit or deny the allegations contained in paragraph 61 of the Counterclaims.

62. Majestic lacks sufficient information to either admit or deny the allegations contained in paragraph 62 of the Counterclaims.

63. Majestic lacks sufficient information to either admit or deny the allegations contained in paragraph 63 of the Counterclaims.

64. Majestic lacks sufficient information to either admit or deny the allegations contained in paragraph 64 of the Counterclaims.

65. Majestic lacks sufficient information to either admit or deny the allegations contained in paragraph 65 of the Counterclaims.

66. Majestic lacks sufficient information to either admit or deny the allegations contained in paragraph 66 of the Counterclaims.

67. Majestic admits that Mr. Fireman contacted Majestic and suggested a meeting and that Faust E. Capobianco III ("Mr. Capobianco") agreed to meet with Mr. Fireman. The remaining allegations of paragraph 67 are denied.

68. Majestic admits that on December 21, 2001 Mr. Capobianco and his son Faust E. Capobianco IV met with Mr. Fireman, Mr. Watchmaker and Mr. Keane. Majestic denies that any other people were involved in the meeting December 21, 2001.

69. Denied. During the December 21, 2001 meeting, Reebok told Majestic that MLBP advised it that Reebok must form an alliance or other business venture with Majestic in order to participate in MLBP licensing.

70. Denied.

71. Majestic admits that Reebok told Majestic it was making proposals to MLBP and denies the remaining allegations of paragraph 71.

72. Majestic admits that it agreed to meet with Reebok in January 2002 during a trade show in Las Vegas and denies the remaining allegations of paragraph 72.

3

73. Majestic lacks sufficient information to either admit or deny the allegations contained in paragraph 73 of the Counterclaims.

74. Majestic admits that Mr. Capobianco met over breakfast with Messrs. Fireman and Watchmaker in Las Vegas on or about January 20, 2002. The remaining allegations of paragraph 74 are denied.

75. Majestic admits that during the January 20, 2002 meeting, Mr. Watchmaker indicated that Reebok was interested in obtaining information from Majestic about its business. The remaining allegations of paragraph 75 are denied.

76. Denied.

77. Denied.

78. Majestic admits that Mr. Fireman spoke with Mr. Capobianco IV and denies the remaining allegations contained in paragraph 78.

79. Denied.

80. Majestic lacks sufficient information to either admit or deny the allegations in paragraph 80 of the Counterclaims relating to Reebok's conduct. Majestic denies making any statements or engaging in any conduct that would prompt Reebok to "delay approaching MLB with its own definitive licensing proposal."

81. Majestic lacks sufficient information to either admit or deny the allegations contained in paragraph 81 of the Counterclaims.

PHDATA 1035922_1

82. Majestic lacks sufficient information to either admit or deny the allegations in paragraph 82 of the Counterclaims with respect to the conduct and statements of Mr. Fireman, Mr. Brosnan and Mr. Smith. Majestic denies that Mr. Capobianco ever reached an agreement in principle to sell Majestic to Reebok.

83. Majestic lacks sufficient information to either admit or deny the allegations in paragraph 83 of the Counterclaims.

84. Admitted.

85. Majestic admits that it sent information about its business to Reebok on or about February 25, 2002. The document speaks for itself, and Reebok's characterization of it requires no response. In the event a response is required, the remaining allegations of paragraph 85 are denied.

86. Denied. Mr. Watchmaker indicated that he could not meet Majestic's March 15, 2002 deadline because he was going to be out of the country on business. Mr. Watchmaker stated that he would contact Mr. Green, Majestic's COO, upon his return to the Untied States.

87. Denied. Mr. Capobianco did not agree to provide any specific information. Mr. Capobianco agreed to have Mr. Green, Majestic's COO, discuss Reebok's requests with Mr. Watchmaker.

88. Denied. Majestic admits that Mr. Green spoke to Mr. Watchmaker a few times between March 1 and March 25, 2002. During those conversations, Mr. Watchmaker asked for certain additional financial information about Majestic, including its audited financial

statements. Mr. Green did not initially agree to provide Majestic's audited financial statements. Mr. Green asked Mr. Watchmaker to identify the exact information he was interested in from the audited financial statements so he could consider whether to provide certain information from the audited statements, but Mr. Watchmaker refused to specify exactly what he wanted. Mr. Watchmaker also declined to hear what Majestic considered as a target price for its acquisition. At the conclusion of a telephone conversation on March 25, 2002, Mr. Watchmaker agreed that Reebok would communicate its target acquisition price for Majestic if it received copies of Majestic's audited financial statements for the two prior years and an unaudited financial statement for the year ending March 31, 2002. Mr. Green agreed to forward this information to Mr. Watchmaker following the year-end on March 31, 2002. Mr. Green did not send any information following year end because on April 2, 2002, Majestic learned of the defamatory comments made by Reebok to MLBP that are the basis of the Amended Complaint in this action.

        89.    Denied.

        90.    Denied.

        91.    Denied.

        92.    Majestic admits that on March 25, 2002, Majestic's COO spoke to Mr. Watchmaker about Reebok's request for information and incorporates by reference its response to paragraph 88 above. The remaining allegations of paragraph 92 are denied.

        93.    Majestic lacks sufficient information to either admit or deny the allegations in paragraph 93 of the Counterclaims.

        94.    Denied.

95. Majestic lacks sufficient information to either admit or deny the allegations in paragraph 95 of the Counterclaims. Majestic denies that recent press accounts corroborate the allegations contained in paragraph 95 regarding the April 2, 2002 conversation between Mr. Smith and Mr. Fireman.

96. Denied. Majestic incorporates by reference its response to paragraph 89 above.

97. Denied.

98. As alleged in the Amended Complaint, Majestic would have executed a long-term licensing deal with MLBP on its existing rights and with regard to the on-field team uniform rights for an additional eight teams. As a direct result of Reebok's defamatory statements about Majestic, instead of obtaining long-term deals it obtained a short-term deal. Majestic admits it is not satisfied with these circumstances.

99. Denied.

100. Majestic admits it filed this action. Majestic's complaint and amended complaint speak for themselves. Majestic denies that the filing of the complaint and amended complaint are part of any plan to either gain exclusivity within MLBP or unfairly compete with Reebok.

COUNT I

101. Majestic incorporates by reference its amended complaint and its answers to paragraphs 51 through 100 above as if set forth herein.

102. Majestic lacks sufficient information to either admit or deny the allegations contained in paragraph 102 of the Counterclaims.

103. Denied. Reebok's description of its failed negotiations with MLBP was not as alleged in its Counterclaims.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

## COUNT II

109. Majestic incorporates by reference its amended complaint and its answers to paragraphs 51 through 108 above as if set forth herein.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

## COUNT III

115. Majestic incorporates by reference its amended complaint and its answers to paragraphs 51 through 114 above as if set forth herein.

116. The allegations contained in paragraph 116 constitute legal conclusions to which no response is required.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

122. Admitted.

123. Denied.

WHEREFORE, Majestic, defendant-in-counterclaim, prays for judgment against Reebok and Paul Fireman on their counterclaims.

## FIRST AFFIRMATIVE DEFENSE

Defendants' counterclaims fail, in whole or in part, to state a claim upon which relief may be granted.

9

## SECOND AFFIRMATIVE DEFENSE

Defendants' claims are barred by the equitable doctrines of latches, estoppel, waiver and unclean hands.

_____
David Smith
Dionna K. Litvin

Attorney for Plaintiff,
Majestic Athletic, Ltd.

SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103-7286
(215) 751-2000

September 13, 2002.

PHDATA 1035922_1

## CERTIFICATE OF SERVICE

I, Dionna K. Litvin, hereby certify that a copy of the foregoing Plaintiff's Reply to Counterclaims was served by United States mail, first-class, postage prepaid upon the following on September 13, 2002.

Richard L. Scheff, Esquire
Montgomery McCracken Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, Pennsylvania 19109

Brien T. O'Connor, Esq.
Ropes & Gray
One International Place
Boston, MA 02110

/s/ Dionna K. Litvin
Dionna K. Litvin

PHDATA 1035922_1